UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                      :

    - v. -                                :                **SUPERSEDING INDICTMENT**

VIKRAM DATTA and                              :
FAUSTINO GARZA-GONZALEZ,                                        S2 11 Cr. 102 (LAK)
    a/k/a "Fausto,"                       :

        Defendants.              :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/11

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about August 2010, up to and including on or about January 15, 2011, in the Southern District of New York and elsewhere, VIKRAM DATTA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(3)(A) and 1956(a)(3)(B).

2.   It was a part and an object of the conspiracy that VIKRAM DATTA, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, willfully and knowingly would and did conduct and attempt to conduct a financial transaction involving property represented by a person, at the direction of, and with the approval of, a federal official authorized to investigate and prosecute violations of Title 18, United States Code, Section 1956, to be

the proceeds of specified unlawful activity, to wit, narcotics trafficking, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A).

3.   It was further a part and an object of the conspiracy that VIKRAM DATTA, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, willfully and knowingly would and did conduct and attempt to conduct a financial transaction involving property represented by a person, at the direction of, and with the approval of, a federal official authorized to investigate and prosecute violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit, narcotics trafficking, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## Overt Acts

4.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about September 16, 2010, an undercover law enforcement officer ("UC-1"), while in New York, New York, called VIKRAM DATTA, the defendant, on the telephone to discuss a potential money laundering transaction.

b.   On or about January 10, 2011, DATTA told UC-1, in sum and substance, that DATTA would travel to New York, New York on or about January 15, 2011 to meet with UC-1 to discuss future laundering activities.

c.   On or about January 15, 2011, DATTA met UC-1 in New York, New York.

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO

The Grand Jury further charges:

5.   From at least in or about June 2009, up to and including in or about January 2011, in the Southern District of New York and elsewhere, VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1957(a).

6.   It was a part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, in an offense involving

3

and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions and money laundering activity, with the intent to promote the carrying on of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions and money laundering activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

7.    It was a further part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

8.   It was a further part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, willfully and knowingly would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States, to wit, Mexico, with the intent to promote the carrying on of specified unlawful activity, to wit, narcotics trafficking and money laundering activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

9.   It was a further part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, willfully and knowingly would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds to a place in the United States from and through a place outside the United States, to wit, Mexico, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole

or in part to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

10.   It was a further part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, within the United States and involving United States persons, in an offense involving and affecting interstate and foreign commerce, willfully and knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, narcotics trafficking activities, in violation of Title 18, United States Code, Section 1957(a).

<u>Overt Acts</u>

11.   In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about September 13, 2010, VIKRAM DATTA, the defendant, agreed to purchase perfume from a perfume dealer located in New York, New York.

6

b.    On or about September 21, 2010, FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendant, used a Mexican cellphone to contact a co-conspirator ("CC-3") not named as a defendant herein, who was in Laredo, Texas, and discussed a delivery of cash to one of DATTA's businesses.

c.    On or about October 1, 2010, CC-3 used a telephone located in Laredo, Texas, to place a call to GARZA-GONZALEZ's Mexican cellphone, during which CC-3 informed GARZA-GONZALEZ that she had received his money.

d.    Between on or about October 5, 2010, and on or about October 6, 2010, a company owned by DATTA wired more than $100,000 to three different perfume dealers located in New York, New York.

e.    On or about January 18, 2011, a co-conspirator ("CC-1") not named as a defendant herein traveled from Nueva Laredo, Mexico, to Laredo, Texas, while carrying approximately $50,000 in United States Currency.

(Title 18, United States Code, Section 1956(h).)

## COUNT THREE

The Grand Jury further charges:

12.    From at least in or about June 2009, up to and including in or about January 2011, in the Southern District of New York and elsewhere, VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown,

7

willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1952.

13. It was a part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, willfully and knowingly would and did travel in interstate and foreign commerce, and use and cause to be used the mail and facilities in interstate and foreign commerce, with the intent to distribute the proceeds of an unlawful activity, to wit, narcotics trafficking activity, in violation of Title 21, United States Code, Sections 812, 841, and 846, and thereafter did perform and attempt to perform an act, and aid and abet the performance of said act, to distribute the proceeds of said unlawful activity.

14. It was further a part and an object of the conspiracy that VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, and others known and unknown, willfully and knowingly would and did travel in interstate and foreign commerce, and use and cause to be used the mail and facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, money laundering activity, in violation of

8

Title 18, United States Code, Sections 1956 and 1957, and narcotics trafficking activity, in violation of Title 21, United States Code, Sections 812, 841, and 846, and thereafter did perform and attempt to perform an act, and aid and abet the performance of said act, to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activities.

<u>Overt Acts</u>

15.  In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about March 23, 2010, a co-conspirator not named as a defendant herein ("CC-2") used a telephone located in or about Laredo, Texas, to receive a telephone call from a perfume supplier located in or about New York, New York to discuss an order of perfume to be sent from the supplier to the business of VIKRAM DATTA, the defendant.

b.  On or about September 13, 2010, DATTA used a telephone to contact a New York, New York-based perfume supplier to discuss an order of perfume to be sent from the supplier to DATTA.

c.  On or about September 21, 2010, FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendant, used a Mexican

9

cellphone to contact CC-3, who was in Laredo, Texas, and discussed a delivery of cash to one of DATTA's businesses.

d.   On or about October 1, 2010, CC-3 used a telephone located in Laredo, Texas, to place a call to GARZA-GONZALEZ's Mexican cellphone, during which CC-3 informed GARZA-GONZALEZ that she had received his money.

e.   On or about January 18, 2011, CC-1 traveled from Nueva Laredo, Mexico, to Laredo, Texas, while carrying approximately $50,000 in United States Currency.

(Title 18, United States Code, Section 371.)

<u>FORFEITURE ALLEGATION AS TO COUNT ONE</u>

16.   As a result of committing the money laundering offense alleged in Count One of this Indictment, VIKRAM DATTA, the defendant, pursuant to Title 18, United States Code, 982(a)(1), shall forfeit to the United States of America any property, real and personal, involved in the offense, and any property traceable to such property, including, but not limited to the following:

a.   a sum of money equal to at least $40,000,000 in United States Currency, in that such sum in aggregate is property representing the property involved in the offense, and traceable to such property; and

b.   the following specific property, in that such property constitutes property involved in the offense, and traceable to such property:

i.   any and all funds on deposit in account number 953569579 held at Bank of America in the name of La Versailles Fragrances LLC dba Valencia;

ii.   any and all funds on deposit in account number 2788202862 held at Bank of America in the name of La Versailles Fragrances LLC dba Perfumeria;

iii. any and all funds on deposit in account number 210000678014 held at Compass Bank in the name of La Versailles Fragrances Inc.;

iv.   any and all funds on deposit in account number 213023402655 held at Compass Bank in the name of La Versailles Cosmetics Inc.;

v.   any and all funds on deposit in account number 213023402663 held at Compass Bank in the name of Valencia Fragrances Inc.;

vi.   any and all funds on deposit in account number 921377506 held at International Bank of Commerce in the name of Vikram Datta;

vii. any and all funds on deposit in account number 2110966793 held at International Bank of Commerce in the name of VSPM Holdings LLC dba Valencia;

viii. any and all funds on deposit in account number 8964660859 held at Wells Fargo Bank in the name of La Versailles Fragrances;

ix. any and all funds on deposit in account number 1014356222 held at Wells Fargo Bank in the name of Sanpriya Enterprises Inc.;

x. any and all funds on deposit in account number 8429984712 held at Wells Fargo Bank in the name of Vikram Datta;

xi. any and all funds on deposit in account number 89646608 held at Wells Fargo Bank in the name of La Versailles Fragrances Inc.;

xii. any and all funds on deposit in account number 8964661022 held at Wells Fargo Bank in the name of VSP Holding LLC;

xiii. any and all contents of Safe Deposit Box No. 1753 held at Wells Fargo Bank in the names of Marie Datta and Sangeeta Datta, including but not limited to the following:

    A. one ladies platinum and diamond necklace;

    B. one ladies platinum and diamond necklace;

    C. one pair of ladies platinum and diamond ear studs;

    D. one ladies platinum and diamond bracelet;

12

E.    one ladies platinum and diamond bracelet;

F.    one pair of platinum and diamond earrings;

G.    one pair of platinum and diamond earrings;

H.    one ladies platinum diamond necklace; and

I.    one ladies platinum and diamond bracelet;

xiv.  $76,422 in United States currency seized on or about January 18, 2011 from La Versailles Inc. located at 1401 Lincoln Avenue, Laredo, Texas;

xv.   $8000 in United States currency seized on or about January 18, 2011 from 7512 Delfina Drive, Laredo, Texas;

xvi.  any and all funds on deposit in account number 001111232268 held at JPMorgan Chase Bank in the names of Vikram Datta and Marie Datta;

xvii. any and all funds on deposit in account number 127072424165 held at JPMorgan Chase Bank in the names of Vikram Datta and Marie Datta;

xviii. any and all funds on deposit in account number 000111550417 held at JPMorgan Chase Bank in the names of Vikram Datta and Marie Datta;

xix. any and all funds on deposit in account number 002744097219 held at JPMorgan Chase Bank in the names of Vikram Datta and Marie Datta;

xx. any and all funds on deposit in account number 000031735524 held at JPMorgan Chase Bank in the names of Marie Datta;

xxi. any and all funds on deposit in account number 000928648880 held at JPMorgan Chase Bank in the name of Sangeeta Datta;

xxii. any and all funds on deposit in account number 000297901918 held at JPMorgan Chase Bank in the name of Sangeeta Datta;

xxiii. any and all funds on deposit in account number 794877845 held at JPMorgan Chase Bank in the name of Priyanka Datta;

xxiv. any and all funds on deposit in account number 2928788799 held at JPMorgan Chase Bank in the name of Priyanka Datta;

xxv. any and all funds on deposit in account number 100071340599 held at JPMorgan Chase Bank in the name of Marie Datta;

xxvi. any and all funds on deposit in account number 674204485991 held at First Data in the name of Valencia;

xxvii. any and all funds on deposit in account number 674204486999 held at First Data in the name of La Versailles Cosmetics;

xxviii. any and all funds on deposit in account number 674204488995 held at First Data in the name of Valencia Fragrances;

xxix. any and all funds on deposit in account number 674204934998 held at First Data in the name of Perfumeria Valencia;

xxx. any and all funds on deposit in account number 674204935995 held at First Data in the name of Perfumeria Classica;

xxxi. any and all funds on deposit in account number 674205050992 held at First Data in the name of La Versailles Fragrances;

xxxii. any and all funds on deposit in account number 674206276992 held at First Data in the name of Perfumeria La Versailles;

xxxiii. assorted fragrances valued at approximately $376,478.62 seized on or about February 2, 2011 from La Versailles Perfumeria located at 219 Convent Avenue, Laredo, Texas;

xxxiv. assorted fragrances valued at approximately $351,788.31 seized on or about February 2, 2011

from Perfumeria La Versailles located at 1213 Zaragoza Street,
Laredo, Texas;

xxxv. assorted fragrances valued at
approximately $322,710.95 seized on or about February 2, 2011
from VSPM Holdings LLC located at 1211 Zaragoza Street, Laredo,
Texas;

xxxvi. assorted fragrances valued at
approximately $2,673,429.19 seized on or about February 2, 2011
from La Versailles Fragrances, Inc. located at 1401 Lincoln
Street, Laredo, Texas;

xxxvii. assorted fragrances valued at
approximately $1,274,973.03 seized on or about February 2, 2011
from the common basement of 1211 Zaragoza Street and 1213
Zaragoza Street, Laredo, Texas; and

xxxviii. $188,908 in United States currency
seized on or about February 11, 2011 from La Versailles Inc.
located at 1401 Lincoln Street, Laredo, Texas.
(Subparagraphs (b)(i) through (b)(xxxviii) are collectively
referred to hereinafter as the "Specific Property.")

<u>Substitute Asset Provision</u>

17. If any of the above-described forfeitable
property, as a result of any act or omission of VIKRAM DATTA, the
defendant,

16

       a.   cannot be located upon the exercise of due diligence;

       b.   has been transferred, or sold to, or deposited with, a third person;

       c.   has been placed beyond the jurisdiction of the Court;

       d.   has been substantially diminished in value; or

       e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 981, and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of DATTA up to the value of the above forfeitable property.

       (Title 18, United States Code, Section 982(a)(1)
       and Title 21, United States Code, Section 853.)

### FORFEITURE ALLEGATION AS TO COUNT TWO

18.  As a result of committing the money laundering offense alleged in Count Two of this Indictment, VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, pursuant to Title 18, United States Code, 982(a)(1), shall forfeit to the United States of America any property, real and personal, involved in the offense, and any property traceable to such property, including, but not limited to the following:

17

a.   a sum of money equal to at least $40,000,000 in United States Currency, in that such sum in aggregate is property representing the property involved in the offense, and traceable to such property; and

b.   the Specific Property, in that such property constitutes property involved in the offense, and traceable to such property.

19.  If any of the above-described forfeitable property, as a result of any act or omission of VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants,

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred, or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 981, and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of

DATTA and GARZA-GONZALEZ up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982(a)(1)
> and Title 21, United States Code, Section 853.)

<u>FORFEITURE ALLEGATION AS TO COUNT THREE</u>

20.   As a result of committing the offense alleged in Count Three of this Indictment, VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, shall forfeit to the United States, any property, real and personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to the following:

a.   a sum of money equal to at least $40,000,000 in United States Currency in that such sum in aggregate is property traceable to the offense; and

b.   the Specific Property, in that such property constitutes property traceable to the offense.

<u>Substitute Asset Provision</u>

21.   If any of the above-described forfeitable property, as a result of any act or omission of VIKRAM DATTA and FAUSTINO GARZA-GONZALEZ, a/k/a "Fausto," the defendants,

a.   cannot be located upon the exercise of due diligence;

b.    has been transferred, or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 981, Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of DATTA and GARZA-GONZALEZ up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

**VIKRAM DATTA and
FAUSTINO GARZA-GONZALEZ,
a/k/a "Fausto,"**

Defendants.

### SUPERSEDING INDICTMENT

S2 11 Cr. 102 (LAK)

(18 U.S.C. §§ 371, 1956, and
982, and 21 U.S.C. § 853.)

PREET BHARARA
United States Attorney

**A TRUE BILL**



Foreperson

8-23-11  Filed Indictment Under Seal  A/W issued for Faustino Garza-Gonzalez

Francis
U·S·M·J